Thank you, Your Honor. May it please the Court, I'm Bill Stark and I represent Judy Maniates. Maniates. I heard you saying something as we were walking in. I would reserve seven minutes if that's okay. Just keep an eye on the clock? Sure. Your Honors, I don't have any telling profound statement at this point in time. If you would like a review of some of the facts, I could give that to you. Well, let me just ask you. I thought you would have some questions. Let me ask you procedurally. As I understand it, Judge Panner followed the normal practice that he has followed for years of requiring the parties to provide summaries of the direct testimony of each of the witnesses before trial. And you filed such a statement. It's about 18 pages long, as I thought. Yeah, that was part of the pretrial materials that we filed in January. Okay. So when he sat down with you on the morning of trial and talked with you about his concerns regarding the strength of the evidence that you had to show, that would have been after he'd had an opportunity to, in essence, preview your case. Is that right? Well, I wouldn't say preview the case other than to look at the material that was submitted pretrial. Which he apparently had read. I mean, he refers to it, doesn't he, in the transcript of the colloquy between you and him? Yes, he does. And I think that's one of the things that can be criticized about what he was doing. What, for reading your pretrial pleadings? Oh, no, of course not, Your Honor. But to take summaries that were, you know, presented a couple months earlier and to treat them as if they were a presentation of evidence would be error. They were not evidence. Well, isn't that exactly what they are? As I understand the practice, at least when I was appearing in front of him, what he required you to do was to lay out your anticipated evidence that you would elicit on direct examination, and you did that in the form of these witness statements. And in this case, they're some 20 pages long, right? I did not lay out evidence as is required to be provided in a motion for summary judgment, for example, where you present evidence in terms of document, testimony and affidavit. No. It's a summary of what your client is going to testify to, what you're going to elicit from each of those witnesses. Yeah. It's a summary. Okay. But it's not evidence. Right. But I guess the only point I'm trying to get to with you is, when Judge Panner sat down with you on the morning of trial, he had a pretty good overview of what this case looked like based on the reading of all the material that you'd supplied him, didn't he? No, he didn't. No, he didn't. No. He had material that we provided. He had substantial jury instructions that we provided. He had a trial memorandum and a supplemental trial memorandum, which we provided. But he didn't have substantive jury instructions from the defendant and he didn't have a substantive trial memo. He had to ask for that a couple of days before trial. So I don't think that it would be right to conclude that he had everything in front of him. Well, I guess the concern I have is you're now alleging bias under Section 455, but the case law is pretty clear that it either has to come from an extrajudicial source or it has to be so inherently apparent that the judge can't render a fair decision. And it seems to me that if the judge is reacting to the evidence that you've previewed for him and raises concerns with regard to whether or not you can even establish a prima facie case, what's improper and what is evidence of bias when the court says to you on the morning of trial, counsel, I've got some real concerns here as to whether you can show a nexus in order to establish retaliation. And that's how I read that transcript. Well, as I understand the legal procedure, Your Honor, that was not evidence. And for him to treat it as evidence would be error. And for him to make it as evidence. If it's error, it doesn't mean it's bias, does it? If he treats something that's not ever – in view of all of the requirements that we have for making sure that people make decisions on the evidence in the law, it is error to make decisions on material that is not evidence in the law. Let's assume for a moment that you're right about that point, about the error. But I think the point that Judge Tallman is making is that to accuse a federal judge of bias or to demand recusal is a very serious matter. It's a very serious matter. It's got to either be – it's either these mandatory aspects or it's got to be so clear that it just – justice cries out for it. And in this case, it seems to me that you have alleged a series of rulings, errors, if you will, that the judge made that may or may not be true in terms of error. But how does this get to be to a level of bias that would require the judge to recuse himself? I don't get it. Help me with that. Okay. Well, keep in mind that one of the fundamental parts of this case is the term abuse of discretion. I don't want you to lose track of that. Use of discretion is a very low threshold, and we use it with all the district judges and almost all the other lower court judges. And they have an enormous amount of discretion with respect particularly regarding evidentiary matters. How could it be otherwise? Right. I'm just saying that there is that part of our case. But getting back to your question about bias, when a Federal judge or any judge who is supposed to make decisions on admitted evidence or submitted evidence, like in summary judgment, makes decisions not on any evidence and not on the basis of any motion from the defendant, based on any of the pleadings or any other motion of the defendant. Counsel, let's go to page ER6, which is the transcript of the pretrial conference on the first morning of trial. And starting at line 15, he refers you to page 3 of your complaint, which he's obviously read, that says a substantial factor in the defendant's adverse actions before and after June 30, 2007, was the plaintiff's protected conduct in reporting misconduct to Oregon State and county officials in February of 2007, as described above. And then he says, I want to isolate throughout this trial that issue and the evidence relating to that issue. What is improper with the trial judge telling the parties on the morning of trial, this is what I see as the key issue that we're going to try in this case, and I want you to focus your efforts at trial on that issue? I mean, it seems to me he's doing exactly what we want a trial judge to do. He goes on to say, in other words, we're not going to wander around in all kinds of things, which is to say, I want to hear evidence that's directed to that key issue. How is that evidence of bias? It's evidence of bias because there wasn't any factual or legal basis for him to do that. Well, the factual basis is the allegation in your complaint that she was retaliated against. But he is telling you to focus your proof on that issue. I mean, that's the heart of your case, as I read the record. Well, maybe we're not reading the same things that he said. He said that my client sent a letter on February 7th, I'm not sure, early February, and that that was the only protected conduct because of some language in paragraph 10. And so all of the other language in the paragraph that describes her complaining about possible mismanagement of money by Ms. Choate's mother and so on, he excluded from that claim without any motion from the defendant. So if you look at what he said and what he did, was he did what you think he left all that in, apparently, from your remarks, but he didn't. He said only that one letter. And so none of this other stuff about complaining about money mismanagement, that's all out of the case on that claim. He can't bring that in. Now, one of the problems here was that there was, I guess Judge Panner doesn't use pretrial conference orders. Instead, he relied upon the complaint to frame the issues at the trial. In this particular case. Yeah, in this particular case. There's no pretrial conference order in this case. So he looked to the complaint, which frames the issues, the operative issues that are going to be tried, right? And he, you know, you can read Paragraph 7, and you're right. In Paragraph 7, there's the last sentence of Paragraph 7 that says, the matters addressed by Ms. Maniatis were matters of public concern. Ms. Maniatis also complained to State and county officials that the mother of finance manager, Luann Choate, had double-billed clients and that Luann Choate was retaliating against her. But then he read Paragraph 10, which just focuses on the February 5th letter. And he said, that's the heart of your retaliation claim. That's your retaliation claim, and that's what we're going to try. Now, I failed to see, you know, that he had the trial judge has certain authority under Rule 16, and I failed to see why he couldn't do what he did here. I really don't. But, you know, he could have, you know, this could have all been laid out in a pretrial conference order, and you wouldn't be here today, because a pretrial conference order supersedes anything that's in the complaint. Okay. Well, Your Honor, keep in mind that his comments and what he said came before the trial, and I immediately made a motion to amend the complaint. And that was on the day of trial. And he has ample discretion at that point to deny any leave to amend the complaint. Yeah. That's the day before the jury was to hear the complaint. He could have granted you leave to amend the complaint if he'd wanted to, and he could have denied it. He has all the – you know, I always tell people, you know, his discretion is like this. And if he goes too far over here or too far over here, you know, I might correct  But he's got lots of discretion. Well, Your Honor, he has to follow the rule. He did. No. The rule is that I make – the plaintiff makes the motion. Then the defendant has to – has a burden to show that the motion to amend would create prejudice for the defendant. What you did here is you made an oral motion to amend the complaint. He denied it. He has ample discretion to do that. But he has to follow the rule after the motion is made. I'm not going to argue with you. What? Suffice it to say he had discretion to deny your motion to leave. He had discretion to deny your motion that sought leave to amend the complaint. He could have granted it. He didn't want to. But I think the rule says that the judge would have asked the defendant, I have this motion. Defendant, what do you have to say? And then if the defendant had some points to make about that, that would prejudice their case somehow. And, of course, you see nothing but facts in the record that show it would not have prejudiced their case, that they were fully prepared to treat all of that behavior as part of her protective conduct. All his other rulings then that are up here on appeal on the merits, putting aside all these allegations of bias and whatnot, he made them after – you know, he made them under Rule 50A at the end of the presentation of the evidence. And your complaint is that he limited the evidence too much. But, you know, I'm just – I'm sorry. The – well, I think we differ on – as you spread your arms pretty much at arm's length to show judicial discretion. I say that that – those arms come in when there's an express, precise rule that requires the defendant to show prejudice. But even if he was wrong, I still don't see how that gives you even a colorable claim of bias under Section 455. The rulings that a judge makes in the context of managing and adjudicating litigation is almost without exception insulated from a claim of bias under 455, as I read this Supreme Court case law. Yeah. And as an officer of the court, and you saw the language that I wrote in the brief about, this isn't something that I enjoy or want to get into necessarily. But I have an obligation to do it, to point out this kind of conduct to the court and members of the court. And so you can – you can take a close look at what he did and the rules. Please don't misunderstand. Nobody's suggesting that you don't have a right to raise a claim. But what I'm trying to do is look at the case law in the context of the factual record and see whether or not you've made out even a colorable claim of bias. And what I see here is he ruled against me, therefore he's biased. And the case law is pretty clear that that isn't the law. What I tried to do in expressing it to the court is show – use the concept of totality of the circumstances. The argument is that even before we saw the jury or started presenting before the jury, you have room to determine that this was too much bias for him to continue, but taking into account the additional conduct, including the lack of substance to support his decisions about the intentional interference claim where he did not construe the Oregon law according to – and basically made a determination for the jury on that claim when the Oregon law said when there's any evidence of a possible – any evidence of a solely personal motive, then the jury is the one that decides not to judge. So we can – Got over your time. Yeah. Oh, it's going up. Thank you. Thank you. I'll give you a minute for rebuttal. Let's hear from the city or the county. Robert Franz for the county. I just have – you guys are on track, and I just have two points. One, Judge Panner is one of the fewer judges that requires very detailed witness statements. If you ever look at his management order, it says don't say the person was going too fast. You tell us how fast the person was going. These are most detailed witness statements pretrial that I ever have to prepare, and you will see 20 or 30 pages, and he will not let you present any evidence that is not in that witness statement. Second of all, Judge Panner tried the second claim for relief to the court. It wasn't a jury proceeding. So the second claim was Judge Panner's baby, and he has a right to make sure he understands what he's going to try. And that's all I have. Thank you. We'll just submit it. Thank you. The matter is submitted.
judges: Paez, Tallman, Smith M.